■ DAVID E. WENTWORTH, Respondent, v ST. JOSEPH'S HOSPITAL HEALTH CENTER, Appellant. [715 NYS2d 811] —Order and judgment unanimously reversed on the law without costs, motion denied, cross motion granted and fourth cause of action dismissed. Memorandum: Supreme Court erred in determining that the Extended Leave Account (ELA) provision of defendant's Benefits Brochure created an implied agreement to al-

low plaintiff to continue employment until he reaches retirement age and thus erred in granting plaintiff's motion for partial summary judgment on the breach of contract cause of action and denying defendant's cross motion for partial summary judgment dismissing that cause of action. " 'No obligation can be implied * * * [that] would be inconsistent with other terms of the contractual relationship' " (*Sabetay v Sterling Drug,* 69 NY2d 329, 335; *see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304). The Benefits Brochure states that ELA benefits will be paid "based upon your years of service in accordance with hospital policy as stated in the St. Joseph's Hospital Employee Handbook." The Employee Handbook unequivocally states that none of the policies or benefits described in the handbook "entitle[s] any employee to remain employed by the hospital." The court properly determined that plaintiff was an at-will employee. It erred, however, in further determining that defendant impliedly agreed to permit plaintiff to continue employment until he reached retirement age and that, by terminating plaintiff, defendant prevented him from collecting full ELA benefits upon retirement. Plaintiff is not entitled to the full ELA benefits that he seeks, and thus the court should have granted defendant's cross motion. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.